IN THE COURT ON THE JUDICIARY
OF THE STATE OF DELAWARE

IN RE: § 
§ C.J. No. 17, 2022
**THE HONORABLE LOUANN** § 
**VARI**, § 
§ 
§ 
A JUDICIAL OFFICER. § 

Submitted: May 23, 2023
Decided: June 7, 2023

Before **SEITZ**, Chief Justice; **VALIHURA**, **TRAYNOR**, **LEGROW**, and **GRIFFITHS**, Justices; **MCCORMICK**, Chancellor; **JURDEN**, President Judge; **DANBERG**, Chief Judge; **DAVIS**, Chief Magistrate; and **GLASSCOCK**, Vice Chancellor,[1] constituting the Court on the Judiciary.

### <u>ORDER</u>

**PER CURIAM**:

Upon consideration of the report and recommendation of the Board of Examining Officer and the affidavit of consent of the Judicial Officer, it appears to the Court that:

(1)    This is a judicial disciplinary proceeding.  On August 2, 2022, Chief Judge Newell of the Family Court submitted a notice alleging that Judge Louann Vari had repeatedly failed to comply with the Policy on Judicial Reporting on Matters Under Advisement, attached as Appendix D-4 to the Judicial Branch

---

[1] Vice Chancellor Glasscock was appointed as a substitute member pro tempore to replace Chief Judge Michael K. Newell, who filed the notice initiating this matter and recused himself.

Operating Procedures ("the Notice"). The Notice alleged, among other things, that Judge Vari had cases under advisement for more than 90 days throughout 2020, 2021, and 2022. The Notice invoked the jurisdiction of the Court on the Judiciary.

(2) On August 10, 2022, Chief Justice Seitz appointed a panel of the Preliminary Investigatory Committee ("the Panel") to investigate and determine whether there was probable cause to believe that Judge Vari might be subject to sanction or retirement.[2] Upon the Panel's request, Judge Vari responded to the Notice. Judge Vari admitted that she had cases under advisement for more than 90 days in 2020, 2021, and 2022. She also asserted defenses and explanations in mitigation.

(3) On October 21, 2022, the Panel submitted its report under Court on the Judiciary Rule 7(c). The Panel expressed sympathy for challenges that Judge Vari faced in her personal life, but concluded that as "significant as the personal issues are, they do not warrant the frequency of the 90-day violations and the great length of time between dates of submission and dates of decision, delays being particularly aggravated in some cases."[3] The Panel determined that there was probable cause to believe that Judge Vari had violated Rule 2.5(C) of the Delaware Judges' Code of Judicial Conduct and might be subject to sanction or retirement.

---

[2] Del. Ct. Jud. R. 7(c).
[3] Report of the Panel at 8.

2

(4)     Upon receipt of the Panel's report, the Court on the Judiciary appointed a Board of Examining Officer ("the Board" or the "Examining Officer").[4]   On November 23, 2022, the Examining Officer advised the Court that she believed, based on her review of the Court on the Judiciary Rules, public disciplinary opinions, redacted discipline by consent orders, and meetings with Chief Judge Newell and Judge Vari, a hearing would be unnecessary and the matter could be resolved through discipline by consent under Court on the Judiciary Rule 12.

(5)     On May 16, 2023, the Board reported that Judge Vari would consent to a public censure.[5]   The Examining Officer asked for permission to submit her final report and recommendation as well as Judge Vari's affidavit of consent by June 22, 2023.  The Court granted the request.

(6)     On May 23, 2023, the Examining Officer submitted her final report and recommendation as well as Judge Vari's affidavit of consent.  The Board adopted the Panel's findings of facts for Judge Vari's tardy issuance of rulings between 2020 and 2022 and concluded that Judge Vari had "violated Rule 2.5(C) by failing to timely discharge her duties to the litigants in her court, over a significant period of time."[6]   The Board also discussed the steps Judge Vari had taken to address the

---

[4] Del. Ct. Jud. R. 9(a). The Court appointed former Superior Court Judge Andrea Rocanelli to serve as the Board of Examining Officer.

[5] The Board initially identified the form of sanction as a public reprimand, but has clarified that public censure is the recommended form of sanction.

[6] Final Report and Recommendation at 5.

underlying causes of her tardy decisions. It also recognized Judge Vari's years of service as a dedicated jurist. Relying on this Court's decision in *In re Coppadge*,[7] the Board concluded that public censure was "necessary to show the public that officers of the court will be held accountable for failing to discharge their duties."[8] The Board recommended that the Court impose discipline by consent with several conditions, including a public censure for Judge Vari's violation of Rule 2.5(C), Judge Vari's direct control over her docket and diligence in promptly disclosing of matters assigned to her, and Judge Vari's continued monthly efforts through the end of the year to address the underlying causes of her tardy decisions.

(7) In accordance with Court on the Judiciary Rule 12, Judge Vari submitted an affidavit consenting to the discipline recommended by the Board.

(8) Under the Delaware Constitution, the Court on the Judiciary has the authority to discipline a judicial officer appointed by the Governor for:

> wilful misconduct in office, wilful and persistent failure to perform his or her duties, the commission after appointment of an offense involving moral turpitude, or other persistent misconduct in violation of the Canons of Judicial Ethics as adopted by the Delaware Supreme Court from time to time.[9]

---

[7] 74 A.3d 593, 600 (Del. Ct. J. 2013).
[8] Final Report and Recommendation at 3.
[9] Del. Const. art. IV, § 37.

4

Judicial Conduct Rule 2.5(C) provides that a "judge should dispose promptly of the business of the court." In *In re Coppadge*, this Court held that a judge's persistent violation of Rule 2.5(C) warranted the sanction of public censure.[10]

(9) The Court has carefully considered the Board's report and recommendation and will accept Judge Vari's offer of discipline by consent. The imposition of a public censure for Judge Vari's violation of Rule 2.5(C) is an appropriate resolution of this matter.

NOW, THEREFORE, IT IS ORDERED that:

A. The offer of discipline by consent and stated sanction with conditions is ACCEPTED.

B. Judge Vari is PUBLICLY CENSURED.

C. Judge Vari shall maintain direct control over her docket and be diligent in promptly disposing of all matters assigned to her.

D. Judge Vari shall comply with her duty to provide accurate and complete monthly reports on her disposition of matters assigned to her.

E. Judge Vari shall continue to address on a monthly basis through the end of the year the underlying reasons for the tardy issuance of decisions.

F. For two years from the date of this order, Judge Vari shall cooperate with Chief Judge Newell or another Family Court judge approved by Chief Judge

---

[10] 74 A.3d at 599-600.

Newell to review and monitor the disposition of matters assigned to Judge Vari, the timeliness of decisions, and the preparation of monthly reports that accurately reflect matters pending for decision.

      G.     The publication of this order will constitute the public censure.[11]

---

[11] Judge Vari has waived the confidentiality that would otherwise attach to this order by consenting to the Board's recommendation of public censure. All other records in this matter shall remain confidential under Court of the Judiciary Rule 17.